UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                               CASE NO. 6:25-cr-290-CEM-DCI

NEDA JOUDEH

**UNITED STATES' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL GRAND JURY TRANSCRIPTS**

The United States respectfully opposes Defendant's Motion to Compel Grand

Jury Transcripts ("Motion to Compel") (Doc. No. 31) and, in support, states the

following:

**PRELIMINARY STATEMENT**

Defendant has moved to compel grand jury transcripts of the instructions to

the Grand Jury, arguing Defendant needs to see whether inaccurate or misleading

information or argument was presented. As support for this request, Defendant

points to the incorrect assertion contained in a search warrant affidavit by Deputy

U.S. Marshal ("DUSM") Ron Lindback that J.B. and his family are Jewish.

However, the United States has already produced the transcript of DUSM

Lindback's grand jury testimony to Defendant.[1]

---

[1] The Jencks Act and Rule 26.2 require production of a witness' statement after a
witness has testified on direct examination, and Rule 26.2 includes a witness'
statement to a grand jury, however taken or recorded, or a transcription of such a
statement, in the definition of "statement." *See* Fed. R. Crim. P. 26.2(f)(3). This
Court's Criminal Scheduling Order (Doc. No. 12) mandates that the parties shall be
prepared to comply with the Jencks Act, 18 U.S.C. § 3500 and Rule 26.2, and

This production should moot Defendant's claimed need because Defendant can see what testimony and evidence was presented to the Grand Jury. The United States has also produced the transcript to the district court for review. Any additional grand jury information would improperly breach the Grand Jury's secrecy. Defendant's Motion should be denied.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On October 29, 2025, the Grand Jury returned the Indictment (Doc. No. 1), charging Defendant with a single count of Transmission of Interstate Threat to Injure, in violation of 18 U.S.C. § 875(c). The Grand Jury charged, in pertinent part:

> On or about June 21, 2025, in the Middle District of Florida, and elsewhere, the defendant,

> NEDA JOUDEH
> a/k/a "falasteen8090"

> did knowingly transmit in interstate and foreign commerce, a communication containing a threat to injure or kill another person, that is, an online comment that included the statement, "I wish someone would in alive [sic] him," with the intent to communicate a true threat of violence and with recklessness as to whether the communication would be viewed as a true threat of violence.

> In violation of 18 U.S.C. § 875(c).

> *See* (Doc. No. 1).

---

permits the parties to agree to an earlier time for the exchange or production of Jencks Act and Rule 26.2 material. *See* (Doc. No. 12, ¶ I.V). The transcript of DUSM Lindback's grand jury testimony was produced to Defendant in advance of any hearing or trial testimony pursuant to the requirements of the Jencks Act, Rule 26.2, and the Criminal Scheduling Order.

On July 6, 2026, Defendant filed her Motion to Compel (Doc. No. 31), arguing the incorrect statement of J.B.'s religion in a search warrant affidavit by DUSM Lindback was likely presented to the Grand Jury in support of the Indictment. After the Motion to Compel was filed, the United States produced to Defendant a transcript of DUSM's grand jury testimony in this case pursuant to the Jencks Act, Rule 26.2, and this Court's Criminal Scheduling Order.

The United States now responds in opposition to the Motion to Compel.

## MEMORANDUM OF LAW

There is a long-established policy that grand jury proceedings in federal courts should be kept secret. *See Pitch v. United States*, 953 F.3d 1226, 1232 (11th Cir. 2020) (citing *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 424, 103 S. Ct. 3133, 3138, 77 L.Ed.2d 743 (1983); *United States v. Procter & Gamble Co.*, 356 U.S. 677, 681, 78 S. Ct. 983, 986, 2 L.Ed.2d 1077 (1958)). The Supreme Court has long recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings. *Pitch*, at 1232 (citing *Douglas Oil*, 441 U.S. at 218). That secrecy serves several vital purposes, including:

> (1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before [the] grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

*See Pitch*, at 1232 (quoting *Douglas Oil*, 441 U.S. at 219 n. 10).

Fed. R. Crim. P. 6(e) codified the traditional rule of grand jury secrecy. *Pitch*, at 1232-1233. The Eleventh Circuit held Rule 6(e), by its plain terms, limits disclosures of grand jury materials to the circumstances enumerated therein. *Pitch*, at 1234. Defendant argues Rule 6(e)(3)(E)(i)-(ii) would authorize the disclosure of the instructions given to the Grand Jury in this case and acknowledge that Defendant must establish a "particularized need" that outweighs the interest in maintaining grand jury secrecy. *See* (Doc. No. 31, pg. 6). With the prior production of the transcript of DUSM Lindback's grand jury testimony, Defendant cannot establish the "particularized need" and this Motion to Compel should be denied.

"Particularized need" is not shown by a general allegation that grand jury materials are necessary for the preparation of a motion to dismiss. *See United States v. Elliott*, 849 F.2d 554, 557 (11th Cir. 1988). The typical showing of particularized need arises when a litigant seeks to use the grand jury transcript at trial to impeach a witness, to fresh his recollection, to test his credibility, and the like. *See Douglas Oil*, 441 U.S. at 222 n. 12. Such use is necessary to avoid misleading the trier of fact. *Id.*

Even when persons requesting disclosure have carried the burden of showing that they have a compelling and particular need for the grand jury material in order to avoid an injustice and that their need for disclosure outweighs the secrecy need, access is limited and covers only those materials actually needed. *See United States v. Aisenberg*, 358 F.3d 1327, 1349 (11th Cir. 2004). Disclosure can be limited strictly to

those portions of a particular witness' testimony that bear upon some aspect of his direct testimony at trial. *Douglas Oil*, 441 U.S. at 222 n. 12.

Defendant's "particularized need" was "…to determine if the grand jury's probable cause determination was based in part on the same possibly inaccurate representations contained in [DUSM] Lindback's affidavit." *See* (Doc. No. 31, pg. 7). Assuming, *arguendo*, that was a sufficiently particularized need to justify production of any of the grand jury record related to this case, the prior production of the transcript of DUSM Lindback's testimony enabled Defendant to see and determine whether an inaccurate representation occurred. Anything further would be a fishing expedition. There can also be no question that Defendant's charged statement was presented to the Grand Jury in full, because the entirety of the alleged true threat appears in the Indictment. *See* (Doc. No. 1).

Thus, there is no need for additional parts of the grand jury presentation to be produced as Defendant has the entirety of the evidence presented to the grand jury by DUSM Lindback.

## CONCLUSION

For the foregoing reasons, the Motion to Compel should be denied and no additional grand jury materials should be ordered produced to Defendant.

**[Remainder of page intentionally left blank.]**

WHEREFORE, the United States requests that this Court deny Defendant's

Motion to Compel.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney


By:   /s/ Patrick M. Flanigan
      Patrick M. Flanigan
      Assistant United States Attorney
      Florida Bar No. 47703
      400 W. Washington Street, Suite 3100
      Orlando, Florida 32801
      Telephone:   (407) 648-7500
      Facsimile:    (407) 648-7643
      E-mail: patrick.flanigan@usdoj.gov

**U.S.A. v. JOUDEH**                    **Case No. 6:25-cr-290-CEM-DCI**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 31, 2026, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system which will send a

notice of electronic filing to the following:

Fritz Scheller, Counsel for Defendant; and
Sufia M. Khalid, Counsel for Defendant.

<u>/s/ Patrick M. Flanigan</u>
Patrick M. Flanigan
Assistant United States Attorney
Florida Bar No. 47703
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone:   (407) 648-7500
Facsimile:    (407) 648-7643
E-mail: patrick.flanigan@usdoj.gov

7