## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

**v.**

**NEDA JOUDEH**                                    Case No. 6:25-cr-00290
**Defendant.**

### UNOPPOSED MOTION TO MODIFY CONDITIONS OF PRETRIAL RELEASE
### TO PERMIT CHANGE OF RESIDENCE TO CHICAGO, ILLINOIS

Defendant Neda Joudeh, through undersigned counsel, respectfully moves this

Court to modify her conditions of pretrial release to permit her to relocate her

residence from Austin, Texas, to Chicago, Illinois, while her criminal case

remains pending in the Middle District of Florida. This request does not seek

to relax supervision, reduce reporting obligations, or impair her availability

for proceedings in the charging district. It seeks only permission for a change

of residence, with continued supervision and any additional conditions this

Court and Pretrial Services deem appropriate.[1]

---

[1] Ms. Joudeh self-surrendered for her initial hearing in the Western District of Texas, in Austin, Texas, where she resides with her husband. Magistrate Judge Susan Hightower issued the attached Order with conditions of release in Case No. 1:25-mj-01090-SH, Doc. 5. Attachment 1.

1

## I. RELIEF REQUESTED

Defendant asks the Court to modify her existing release order to permit her to:

1. reside at 202 W Hill St Apt 1607, Chicago, Illinois 60610; Attachment 1, Lease Agreement.

2. travel from Austin, Texas, to Chicago, Illinois, for the purpose of relocation;

3. remain under pretrial supervision, including supervision by the appropriate Pretrial Services office in the Northern District of Illinois if accepted through courtesy supervision or as otherwise arranged by Pretrial Services;

4. continue to travel to the Middle District of Florida for all required court appearances, attorney meetings, and case-related obligations;

5. continue to travel for approved medical treatment, including in Chicago, as permitted by the existing conditions of release order (though Ms. Joudeh's medical services are being undertaken in Chicago, Illinois so her relocation to Chicago will require far less out of district travel going forward); and

6. comply with all other existing conditions of release unless modified by this Court.

## II. BACKGROUND

1. Ms. Joudeh is charged in a single-count indictment alleging violation of

   18 U.S.C. 875(c), making a true threat, via an online comment that said,

   "I wish someone would in alive him." The case remains pending.

2

2.  Ms. Joudeh has been residing in Austin, Texas with her husband. Because she was located in the Western District of Texas, her initial appearance proceeding occurred in that District. The Court released her on limited conditions. Doc. 5, Attachment 1.

3.  The existing conditions permit Ms. Joudeh to travel to Florida for case-related obligations and to Chicago for medical treatment. Doc. 5.

4.  Ms. Joudeh has fully complied with all conditions of release. She has appeared as required, maintained contact with Pretrial Services, and has not been alleged to have violated any condition.

5.  Ms. Joudeh now seeks to relocate from Austin, Texas, to Chicago, Illinois. The request is based on several significant personal and family developments: her husband is establishing a new business in Chicago, she is undergoing medical treatment at a Chicago-based facility, and her parents and siblings reside in Chicago. Relocating will allow her to be nearer to her parents, whom she desires to support and care for more directly as their needs increase with age. All of her current healthcare providers and ongoing medical care are also based in Chicago, making this transition essential for continuity in treatment and her overall well-being.

6. Ms. Joudeh's proposed residence in Chicago is in a location that supports the transitions mentioned above. It is approximately 9 minutes from her husband's business, 35 minutes from her parents' home, and only 7 minutes from Northwestern Medicine, where she is receiving IVF treatment and ongoing medical care. Furthermore, all of her siblings, whom she maintains a close relationship with, reside within 30-45 minutes of the Chicago address (all within Cook County). She will be relocating with her husband and cat to a one-bedroom apartment under a one-year lease agreement. Ms. Joudeh has provided the full address and contact information to Pretrial Services and will not relocate until authorized by the Court.

7. Undersigned counsel has conferred with the government and with Pretrial Services. Neither the government or Pretrial services is opposed, and if this motion is granted the Middle District of Florida's assigned pretrial services officer with coordinate courtesy supervision in the Northern District of Illinois.

## III. LAW

The Bail Reform Act requires release on the least restrictive condition or combination of conditions that will reasonably assure the defendant's

appearance and the safety of any other person and the community. 18 U.S.C. §

3142(c). The Court may impose conditions relating to residence, travel,

reporting, medical treatment, and any other condition reasonably necessary

to assure appearance and community safety. 18 U.S.C. § 3142(c)(1)(B). The

statute further provides that "[t]he judicial officer may at any time amend the

order to impose additional or different conditions of release." 18 U.S.C. §

3142(c)(3).

## IV. ARGUMENT

### A. **The requested modification is narrow and consistent with the Bail Reform Act.**

Ms. Joudeh is not asking to terminate supervision or expand

unrestricted travel. She seeks permission to change her residence from Austin

to Chicago while remaining subject to all existing release conditions and any

additional conditions required by the Court or Pretrial Services.

The requested modification is consistent with § 3142 because it

maintains reasonable assurance of appearance and community safety. Ms.

Joudeh will remain under federal pretrial supervision, provide a verified

residence, maintain updated contact information, comply with all reporting instructions, and appear in the Middle District of Florida whenever required.

## B. Relocation to Chicago will improve Defendant's stability and compliance.

The proposed relocation will support Ms. Joudeh's compliance, as it places her in close proximity to her medical providers, family support network, and her husband's business in Chicago, while also providing stable housing, accessible treatment, and continued employment.

The current order already recognizes Chicago as an appropriate destination for specialized medical treatment and authorized her travel to Chicago from Austin for medical treatment. The requested modification simply permits Ms. Joudeh to reside there, subject to supervision, rather than travel there intermittently.

## C. The requested modification does not prejudice the government or delay the case.

Ms. Joudeh understands that the case remains pending in the Middle District of Florida. She will travel to Florida for all required hearings, attorney

conferences, trial preparation, trial proceedings, and any other court-ordered appearances.

## V. REQUEST FOR RELIEF

For these reasons, Ms. Joudeh respectfully asks the Court to modify her conditions of pretrial release to permit her to relocate from Austin, Texas, to Chicago, Illinois, subject to continued pretrial supervision and all existing conditions not inconsistent with this modification.

Respectfully submitted,

/s/_____Sufia M. Khalid___

Sufia M. Khalid
Deputy Director, Nat'l Security Criminal
Defense Center
Muslim Legal Fund of America
100 N. Central Expy, Suite 1010
Richardson, TX 75080
(972) 914-2507
Sufia.khalid@mlfa.org

*Counsel for Defendant Neda Joudeh*

## CERTIFICATE OF CONFERENCE

I certify that on July 31, 2026, I conferred with AUSA Patrick Flanigan from the Middle District of Florida, and Kyonna Stubbs, Pretrial Services in the Western District of Texas regarding the relief requested in this motion who has also been in communication with pretrial services in the Middle District of Florida. The government is unopposed and the Middle District of Florida's Pretrial Services has indicated they are aware and plan to coordinate courtesy supervision in the Northern District of Illinois.

/s/ Sufia M. Khalid

Sufia M. Khalid

## CERTIFICATE OF SERVICE

I certify that on July 31, 2026, I electronically filed this motion using the Court's CM/ECF system, which will send notice to all counsel of record.

/s/ Sufia M. Khalid

Sufia M. Khalid